IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHERMAN McBRYAR, #123355, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:12-CV-575-TMH |
| | ) [WO] |
| GARY HETZEL, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On July 10, 2012 the court granted Plaintiff fifteen days to file with the Clerk either the $350.00 filing fee or a motion for leave to proceed *in forma pauperis* accompanied by an affidavit in support thereof. (*Doc. No. 3*.) Plaintiff was cautioned that his failure to comply with the July 10 order would result in a Recommendation that his complaint be dismissed. (*Id.*) The requisite time has passed and Plaintiff has not provided the court with either the filing fee or a motion for leave to proceed *in forma pauperis*. Consequently, the court concludes that dismissal of this case is appropriate for Plaintiff's failures to comply with the orders of the court and to prosecute this action.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of this court and to prosecute this action.

It is further

ORDERED that **on or before September 10, 2012** Plaintiff may file an objection to the Recommendation. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 27th day of August, 2012.

                                              /s/Charles S. Coody
                                              CHARLES S. COODY
                                              UNITED STATES MAGISTRATE JUDGE